# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ROBERSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-4177-JBM |
| | ) |
| ROCK ISLAND COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, a pretrial detainee, alleges constitutional violations under 42 U.S.C. § 1983, at the Rock Island County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on October 31, 2016, around the lunch period, he was in a comatose-like sleep. When he awoke, his rectum was sore, wet, and smelled of shampoo. Plaintiff appears to infer that he was the victim of a sexual assault as he claims that drugs might have been placed in his food by kitchen staff or another inmate. Plaintiff grieved the matter and met with investigators whom, he claims, did not believe him. Plaintiff claims that he was pressured and changed his story, without providing any detail.

1

On February 10, 2017, Plaintiff once again awoke with a sore rectum. He indicates that he was too ashamed to disclose the matter, particularly as he had been caught "snooling" [sp]. Plaintiff filed another grievance, but this time the investigators refused to look into the matter. Plaintiff claims that his blood flow is now irregular and he fears he has contracted a sexually transmitted disease.

On May 23, 2017, prisoners were being escorted to see visitors during visiting hours. Plaintiff claims that when he stopped to assist another inmate, Officer Prime told him to stop. Officer Primer accused Plaintiff of attacking another officer and threatened to mace him. He cuffed Plaintiff and allegedly slammed him into a wall. Officer O'Melia also responded, grabbing Plaintiff's right arm and, with his right hand, pushing down on Plaintiff's shoulder. The officers allegedly escorted Plaintiff to a suicide watch cell where they struck him further and denied him medical treatment.

Plaintiff's allegations of sexual assault are too vague to state a cognizable claim. He does not appear certain that he was sexually assaulted, does not identify anyone whom he holds responsible or claim that jail staff failed to protect him. Furthermore, Plaintiff cannot plead unrelated claims in the same complaint. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." As a result, Plaintiff's claims as to the alleged assaults on October 13, 2016 and February 10, 2017, are dismissed without prejudice to Plaintiff filing them as separate claims. He is cautioned, however, that if the claims are too vague they will, again, be dismissed and he will remain responsible for the filing fees.

Plaintiff does, however, state a cognizable claim that Officers Prime and O'Melia exerted excessive force against him. Plaintiff makes only a conclusory claim that they failed to provide

him medical treatment, without identifying any serious medical need. This claim is dismissed though Plaintiff will be given an opportunity to replead.

There is the additional issue that Plaintiff names only the Jail which is not an entity amenable to suit. *Wright v. Porter County,* 2013 WL 1176199, * 2 (N.D.Ind. Mar. 19, 2013)(a jail "is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.") The Rock Island County Jail will be dismissed as a Defendant and Officers Prime and O'Melia will be added.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on Plaintiff's Fourteenth Amendment Due Process claims of excessive force against Officers Prime and O'Melia. Plaintiff may, within 30 days, replead his deliberate indifference claim. If he does so, he is to title the complaint Amended Complaint. It is to contain all of his allegations against all defendants without reference to a prior pleading. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Rock Island County Jail is DISMISSED and Defendants Prime and O'Melia are to be added.

2. Plaintiff requests the recruitment of pro bono counsel [5] but does not indicate that he has attempted to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. Plaintiff files [7] requesting that a subpoena issue to preserve video footage, presumably related to the alleged May 23, 2017, excessive force. While the Court will not authorize a subpoena, it will order that the Jail preserve any related video footage still in its

possession. A copy of this Order is to be sent to the Warden of the Rock Island County Jail. The Warden is requested to file a response within 21 days, indicating whether such footage exists and where it is being stored. [7] is GRANTED to that extent.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 12/12/2017

                                                        ___s/Joe Billy McDade_____
                                                              JOE BILLY McDADE
                                            UNITED STATES DISTRICT JUDGE